# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

L.A. INSURANCE AGENCY
FRANCHISING, LLC,

        Plaintiff,

v.

DAVID T. ELIA, L.A.
INSURANCE AGENCY NV2,
INC., and GO INSURANCE,

        Defendants.

Case No. 18-13523
Hon. Terrence G. Berg

## ORDER FOR SUPPLEMENTAL BRIEFING

On January 18, 2019, the Court heard oral argument on Plaintiff's Motion for Preliminary Injunction. Fed. R. Civ. P. 65(c) states, "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

"District courts have broad discretion in setting the bond amount." *Static Control Components, Inc. v. Lexmark International, Inc.*, 697 F.3d 387, 400–01 (6th Cir. 2012) (citing *Div. No. 1, Detroit, Bhd. of Locomotive Eng'rs v. Consol. Rail Corp.*, 844 F.2d 1218, 1226, 1227 n.15 (6th Cir. 1988) ("[T]he court may order a bond that

1

does not completely secure the enjoined party or the court may decline to order a bond, if necessary for the purpose of effective justice between the parties.")). "[T]he Sixth Circuit, unlike several other circuits, holds that the requirement of Rule 65(c) is not mandatory." *Yolton v. Tennessee Pipeline Co.*, 318 F. Supp. 2d 455, 475 (E.D. Mich. 2003) (citing *Roth v. Bank of Commonwealth*, 583 F.2d 527, 538 (6th Cir. 1978)).

District courts have required widely differing bonds under Rule 65(c) when granting a preliminary injunction that enforces a non-compete agreement. *See Manpower Inc. et al. v. Mason, et al.*, 409 F. Supp. 2d 959 (E.D. Wis. 2005) (setting bonds at $7.5 million and $3.5 million); *Kelly Servs., Inc. v. Noretto*, 495 F. Supp. 2d 645 (E.D. Mich. 2007) (setting bond at $50,000).

"The sum posted on bond should reflect the damages that may be incurred by a wrongfully enjoined party." *Kelly Servs.*, 495 F. Supp. 2d at 621. In this case, the record is insufficient to determine the amount of damages that Defendant would incur were it wrongfully enjoined. For that reason, Defendant is **ORDERED** to file a supplemental brief by February 25, 2019 addressing the calculation of bond amount pursuant to Rule 65(c), should the Court find that an injunction is appropriate. Defendant's brief may not exceed five pages. Plaintiff is **ORDERED** to respond by February 28, 2019. Plaintiff's response also may not exceed five pages.

**SO ORDERED.**

Dated: February 19, 2019     s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE